UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN SLOAN,

      Petitioner,

v.                                         Case No. 08-C-817

UNITED STATES OF AMERICA,

      Respondent.

**ORDER**

John Sloan filed this petition pursuant to 28 U.S.C. § 2255, asserting that his incarceration is unconstitutional because his guilty plea was obtained without effective assistance of counsel. I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Sloan argues that his indictment was defective because it was a duplicitous indictment. In particular, he alleges that count one of the indictment charged him with more than one offense: violations of 21 U.S.C. §§ 841(a)(1), 846 and 841(b)(1)(A); and 18 U.S.C. § 2. He pled guilty, which normally precludes a defendant's ability to challenge the indictment. *See United States v.*

*Moloney,* 287 F.3d 236, 239 (2d Cir. 2002) ("A guilty plea waives any challenges to a duplicitous indictment."). Here, however, Sloan's claim is that his counsel was ineffective for failing to object to the duplicitous indictment.

Generally the rule against duplicitous indictments is intended to prevent jury confusion and require jurors to convict on a single, clear count. Thus, when a defendant pleads guilty, that principal concern is absent. Still, assuming a duplicitous indictment challenge may be raised under the present circumstances, the claim fails for the simple reason that the indictment was not duplicitous. Count one of the indictment charges that Sloan conspired to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1), and that the offense involved more than 50 grams of cocaine base; all of which was in violation of 21 U.S.C. § 846, 841(b)(1)(A) and 18 U.S.C. § 2. (Case No. 06-CR-136, Dkt. # 9 at 1.) This is a single conspiracy charge rather than a charge of individual, separate crimes. Section 846 is the conspiracy statute, which makes it a crime to conspire to commit an offense in violation of that chapter, and that incorporates the charged offenses in § 841. Title 18 U.S.C. § 2 merely indicates who may be charged as a principal for an underlying offense.

It is well-settled that a count charging a conspiracy to commit an offense is not duplicitous. *See, e.g., United States v. Campbell,* 279 F.3d 392, 398 (6th Cir. 2002); *United States v. Martin,* 4 F.3d 757 (9th Cir. 1993) (rejecting challenge to indictment charging violations of 21 U.S.C. § 841, 846 and 18 U.S.C. § 2); *United States v. Benjamin,* 72 F. Supp. 2d 161, 173 (W.D.N.Y. 1999) ("It is well established that the allegation in a single count of a conspiracy to commit several crimes is not duplicitous, for the crime charged is the single offense of conspiracy, however diverse its objects.") (citing *Braverman v. United States,* 317 U.S. 49, 53 (1942)). Count one of the indictment

against Sloan did not charge multiple offenses but a single conspiracy, and that is the charge to which Sloan pled guilty. Accordingly, there was no duplicity of charges, no confusion on the part of the defendant as to the charges against him, and therefore no ineffective assistance of counsel.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2255 Cases.

Dated this     8th     day of October, 2008.

 s/ William C. Griesbach  
William C. Griesbach  
United States District Judge